**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**GAYNELL BARNETT and WAYNE BARNETT, JR., Individually and on behalf of their minor child, ELIJAH BARNETT** — **CIVIL ACTION**

**VERSUS**

**WAL-MART LOUISIANA, LLC and ABC INSURANCE COMPANY** — **NO. 08-724-C-M2**

## RULING & ORDER

This matter is before the Court relative to the Motion to Remand (R. Doc. 2) filed by plaintiffs, Gaynell Barnett and Wayne Barnett, Jr., individually and on behalf of their minor child, Elijah Barnett (collectively "plaintiffs"). Defendants, Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. (collectively "Wal-Mart"), have filed an opposition (R. Doc. 5) to this motion.

## FACTS & PROCEDURAL BACKGROUND

Plaintiffs filed this suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on June 9, 2008. In the petition, plaintiffs allege that Gaynell Barnett ("Ms. Barnett") slipped and fell on a substance that was negligently left in the aisle while she was a patron at the Wal-Mart Store #935 located in Denham Springs, Louisiana. As a result of that incident, plaintiffs allege that Ms. Barnett suffered damages, including but not limited to, pain in her shoulder, right knee, right leg, and neck. Ms. Barnett claims that she is entitled to recover damages for the following: (1) Physical pain and discomfort; (2) Mental pain and discomfort; (3) Mental anguish; (4) Functional and anatomical disability; (5) Loss of earnings and earning capacity; (6) Loss of enjoyment of life; and (7) Inability to

engage in and enjoy personal, social and recreational activities. She further contends that she has incurred and will continue to incur significant medical expenses to diagnose and treat the injuries she sustained during the accident in question. Ms. Barnett's husband and minor child also seek damages for loss of consortium and for the emotional and mental distress they have allegedly suffered and continue to suffer as a result of the accident at issue.

On November 6, 2008, Wal-Mart removed the case to this Court on the basis of diversity jurisdiction. In the notice of removal, Wal-Mart contends that Ms. Barnett's deposition was taken in connection with this matter on October 27, 2008, and during that deposition, she testified that surgery has been recommended for her neck, shoulder, and knee. Based upon that testimony, Wal-Mart contends that the value of the plaintiffs' claims in this matter exceeds $75,000.00, exclusive of interest and costs. Wal-Mart also alleges that complete diversity of citizenship exists between the opposing parties to this matter because the plaintiffs are domiciled in the Parish of Livingston, State of Louisiana; Wal-Mart Stores, Inc. is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas; and Wal-Mart Louisiana, LLC is a limited liability company domiciled in the State of Delaware with its principal place of business in Bentonville, Arkansas.

Plaintiffs have now filed the present motion, seeking to have this matter remanded to the 19th Judicial District Court because: (1) the notice of removal was untimely filed since it was not filed within thirty (30) days of service of the petition upon Wal-Mart as required by 28 U.S.C. §1446(b);[1] and (2) Wal-Mart failed to allege diversity of the parties and that

[1] The first paragraph of 28 U.S.C. §1446(b) provides that a notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the

the jurisdictional threshold has been met.

**LAW & ANALYSIS**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) is between citizens of different states, and (2) exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332. Relative to the first requirement for diversity jurisdiction, Wal-Mart has properly alleged the citizenship of Wal-Mart Stores, Inc. by averring that it is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas.[2] It has failed, however, to properly allege the citizenship of Wal-Mart Louisiana, LLC. In alleging their citizenship, limited liability companies are required to list, in the notice of removal, the citizenship of each of their members because, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). Wal-Mart Louisiana, LLC did not allege the citizenship of each of its members in its Notice of Removal or in its opposition to the present motion. The Court will allow Wal-Mart ten (10) days within which to supplement the record in this matter with proper allegations as to the citizenship of Wal-Mart Louisiana, LLC, failing which a report will be entered in this matter recommending remand due to that failure.

Additionally, while the Court agrees with Wal-Mart that Ms. Barnett's alleged

---

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. §1446(b), First Paragraph.

[2] *See*, 28 U.S.C. §1332(c)(1).

deposition testimony indicating that her treating physicians have recommended she undergo surgery on her neck, shoulder, and knee can constitute an "other paper" through which this case became removable pursuant to 28 U.S.C. §1446(b)[3] and that Wal-Mart's removal of this case could be considered timely since such deposition was purportedly taken on October 27, 2008 and this case was removed within thirty (30) days on November 6, 2008, the Court cannot definitively reach that conclusion at this juncture because Wal-Mart has failed to submit a copy of the relevant portions of Ms. Barnett's deposition to the Court with its Notice of Removal or with its present opposition. The Court can consider such evidence, submitted post-removal, if it is relevant to the amount in controversy at the time of removal.[4] Thus, Wal-Mart will also be ordered to produce, within ten (10) days of

---

[3] Pursuant to 28 U.S.C. §1446(b), if the case stated by an initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an "amended pleading, motion, order or other paper" from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by 28 U.S.C. §1332 more than one (1) year after commencement of the action. 28 U.S.C. 1446(b), Paragraph 2.

Looking solely at the allegations in the complaint in this matter, it is ambiguous as to whether the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, since the list of damages contained in the petition simply provides the usual and customary damages set forth by personal injury plaintiffs. However, if it is indeed true that Ms. Barnett testified during her deposition that her physicians have recommended she undergo surgeries on her neck, shoulder, and knee, the Court finds that such evidence, in combination with the plaintiffs' other claims alleged in the petition, support a finding that the amount in controversy is satisfied in this matter. Moreover, deposition testimony can constitute an "other paper" for purposes of that portion of §1446(b) providing that a notice of removal can be filed within thirty (30) days after receipt by the defendant of a copy of a paper from which it may first be ascertained that the case is or has become removable. *Ameen v. Merck & Co.*, 2007 WL 1026412 (5th Cir. 2007); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002).

[4] *See, Haydel v. State Farm Mut. Aut. Ins. Co.*, 2008 WL 2781472 (M.D.La. 2008)(wherein this Court considered certain settlement demand letters that had not been in the record at the time of removal because they were relevant to the

this Order, a copy of the relevant portions of Ms. Barnett's deposition testimony for the Court's consideration in connection with the plaintiffs' motion to remand.

Accordingly;

**IT IS ORDERED** that, within ten (10) days of this Order, defendants, Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc., supplement the record in this matter with: (1) proper allegations as to the citizenship of Wal-Mart Louisiana, LLC; and (2) a copy of those portions of the deposition of plaintiff, Gaynell Barnett, that are relevant to the amount in controversy as of the time of removal.

Signed in chambers in Baton Rouge, Louisiana, December 16, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

jurisdictional facts as they existed at the time of removal); *Carver v, Wal-Mart Stores, Inc.*, 2008 WL 2050987 (M.D.La. 2008)(same); *Edwards v. Blue Cross/Blue Shield of Texas*, 2005 WL 1240577 (N.D. Tex. 2005)(In making the jurisdictional amount determination, the court did not ignore an affidavit that attested to the jurisdictional facts as they existed at the time of removal simply because the defendant failed to timely allege those facts in its notice of removal); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)(While a court may not consider the entire post-removal record to make the jurisdictional amount determination, it may consider post-petition affidavits and evidence if they are relevant to the time of removal); *Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997)(In determining whether the amount in controversy requirement is met, the court is not limited to the evidence in the record at the time of removal, but may use whatever evidence "sheds light on the situation which existed when the case was removed"). Since Wal-Mart made specific reference to Ms. Barnett's deposition testimony in its Notice of Removal and such testimony is relevant to or "sheds light" on the amount in controversy at the time of removal, the Court will allow Wal-Mart the opportunity to supplement the record with that evidence.