## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAYNELL BARNETT and** | **CIVIL ACTION** |
| **WAYNE BARNETT, JR.,** | |
| **Individually and on behalf** | |
| **of their minor child,** | |
| **ELIJAH BARNETT** | |
| | |
| **VERSUS** | |
| | |
| **WAL-MART LOUISIANA, LLC** | **NO. 08-724-C-M2** |
| **and ABC INSURANCE COMPANY** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 15, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GAYNELL BARNETT and                                                    CIVIL ACTION
WAYNE BARNETT, JR.,
Individually and on behalf
of their minor child,
ELIJAH BARNETT

VERSUS

WAL-MART LOUISIANA, LLC                                              NO. 08-724-C-M2
and ABC INSURANCE COMPANY

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Remand (R. Doc. 2) and the Motion for Oral Argument (R. Doc. 3) filed by plaintiffs, Gaynell Barnett and Wayne Barnett, Jr., individually and on behalf of their minor child, Elijah Barnett (collectively "plaintiffs"). Defendants, Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. (collectively "Wal-Mart"), have filed an opposition (R. Doc. 5) to this motion as well as a memorandum in response (R. Doc. 8) to this Court's Ruling & Order dated December 16, 2008.  (R. Doc. 7).

## FACTS & PROCEDURAL BACKGROUND

Plaintiffs filed this suit in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on June 9, 2008.  In the petition, plaintiffs allege that Gaynell Barnett ("Mrs. Barnett") slipped and fell on a substance that was negligently left in the aisle while she was a patron at the Wal-Mart Store #935 located in Denham Springs, Louisiana.  As a result of that incident, plaintiffs allege that Mrs. Barnett suffered damages, including but not limited to, pain in her shoulder, right knee, right leg, and neck.  Mrs. Barnett claims that she is entitled to recover damages for the following:  (1) Physical pain and discomfort; (2) Mental pain and discomfort; (3) Mental anguish; (4) Functional and anatomical disability;

1

(5) Loss of earnings and earning capacity; (6) Loss of enjoyment of life; and (7) Inability to engage in and enjoy personal, social and recreational activities.  She further contends that she has incurred and will continue to incur significant medical expenses to diagnose and treat the injuries she sustained during the accident in question.  Mrs. Barnett's husband and minor child also seek damages for loss of consortium and for the emotional and mental distress they have allegedly suffered and continue to suffer as a result of the accident at issue.

On November 6, 2008, Wal-Mart removed the case to this Court on the basis of diversity jurisdiction.  In the notice of removal, Wal-Mart contends that Mrs. Barnett's deposition was taken in connection with this matter on October 27, 2008, and during her deposition, she testified that surgery has been recommended for her neck, shoulder, and knee, indicating that the value of the plaintiffs' claims in this matter exceeds $75,000.00, exclusive of interest and costs.  Wal-Mart, however, failed to attach a copy of Mrs. Barnett's deposition testimony to the removal notice.  Wal-Mart also alleges, in a conclusory manner within the notice of removal, that complete diversity of citizenship exists between the opposing parties to this matter because the plaintiffs are domiciled in the Parish of Livingston, State of Louisiana; Wal-Mart Stores, Inc. is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas; and Wal-Mart Louisiana, LLC is a limited liability company domiciled in the State of Delaware with its principal place of business in Bentonville, Arkansas.

Plaintiffs then filed the present motion to remand, seeking to have this matter remanded to the 19th Judicial District Court because:  (1) the notice of removal was untimely filed since it was not filed within thirty (30) days of service of the petition upon Wal-

Mart as required by 28 U.S.C. §1446(b);[1] and (2) Wal-Mart failed to allege diversity of the parties and that the jurisdictional threshold has been met.

The undersigned issued a Ruling & Order relative to plaintiffs' motion to remand on December 16, 2008, wherein it was found that, although Wal-Mart properly alleged the citizenship of Wal-Mart Stores, Inc. by averring that it is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas, Wal-Mart failed to properly allege the citizenship of Wal-Mart Louisiana, LLC, since, to properly allege the citizenship of a limited liability company, one must list the citizenship of each member of that company, which Wal-Mart did not do. The undersigned therefore ordered Wal-Mart to supplement the record with proper allegations as to the citizenship of Wal-Mart Louisiana, LLC, within ten (10) days. Additionally, although it was determined, in the December 16, 2008 Ruling & Order, that Mrs. Barnett's alleged deposition testimony indicating that her treating physician has recommended she undergo surgery on her neck, shoulder, and knee can constitute an "other paper" through which this case became removable pursuant to 28 U.S.C. §1446(b)[2] and that Wal-Mart's removal of

---

[1] The first paragraph of 28 U.S.C. §1446(b) provides that a notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. §1446(b), First Paragraph.

[2] Pursuant to 28 U.S.C. §1446(b), if the case stated by an initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an "amended pleading, motion, order or other paper" from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by 28 U.S.C. §1332 more than one (1) year after commencement of the action. 28 U.S.C. 1446(b), Paragraph 2.

3

this case could be considered timely since such deposition was purportedly taken on October 27, 2008 and this case was removed within thirty (30) days on November 6, 2008, the undersigned could not definitively reach that conclusion in that Ruling & Order because Wal-Mart failed to submit a copy of the relevant portions of Mrs. Barnett's deposition for review. The undersigned noted that such evidence, submitted post-removal, can be considered if it is relevant to the amount in controversy at the time of removal,[3] and Wal-

---

Looking solely at the allegations in the petition in this matter, it is ambiguous as to whether the amount in controversy exceeds $75,000.00, exclusive of interest and costs, since the list of damages contained in the petition simply provides the usual and customary damages set forth by personal injury plaintiffs. However, if it is indeed true that Mrs. Barnett testified during her deposition that her physicians have recommended she undergo surgeries on her neck, shoulder, and knee, the Court finds that such evidence, in combination with the plaintiffs' other claims alleged in the petition, support a finding that the amount in controversy is satisfied in this matter. Moreover, deposition testimony can constitute an "other paper" for purposes of that portion of §1446(b) providing that a notice of removal can be filed within thirty (30) days after receipt by the defendant of a copy of a paper from which it may first be ascertained that the case is or has become removable. *Ameen v. Merck & Co.*, 2007 WL 1026412 (5th Cir. 2007); *Peters v. Lincoln Elec. Co.*, 285 F.3d 456 (6th Cir. 2002).

[3] *See, Haydel v. State Farm Mut. Aut. Ins. Co.*, 2008 WL 2781472 (M.D.La. 2008)(wherein this Court considered certain settlement demand letters that had not been in the record at the time of removal because they were relevant to the jurisdictional facts as they existed at the time of removal); *Carver v, Wal-Mart Stores, Inc.*, 2008 WL 2050987 (M.D.La. 2008)(same); *Edwards v. Blue Cross/Blue Shield of Texas*, 2005 WL 1240577 (N.D. Tex. 2005)(In making the jurisdictional amount determination, the court did not ignore an affidavit that attested to the jurisdictional facts as they existed at the time of removal simply because the defendant failed to timely allege those facts in its notice of removal); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)(While a court may not consider the entire post-removal record to make the jurisdictional amount determination, it may consider post-petition affidavits and evidence if they are relevant to the time of removal); *Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997)(In determining whether the amount in controversy requirement is met, the court is not limited to the evidence in the record at the time of removal, but may use whatever evidence "sheds light on the situation which existed when the case was removed"). Since Wal-Mart made specific reference to Ms. Barnett's deposition testimony in its Notice of Removal and such testimony is relevant to or "sheds light" on the amount in controversy at the time of removal, the Court will allow Wal-Mart the opportunity to supplement the record with that evidence.

4

Mart was therefore also ordered to produce, within ten (10) days, a copy of those portions of Mrs. Barnett's deposition that are relevant to the amount in controversy as of the time of removal.  The undersigned now considers Wal-Mart's response to its December 16, 2008 Ruling & Order.

## **LAW & ANALYSIS**

In considering the information and evidence presented by Wal-Mart in its response, the Court finds that Wal-Mart has complied with the December 16, 2008 Ruling & Order and that diversity jurisdiction exists in this matter, such that plaintiffs' motion to remand should be denied.  First, relative to the undersigned's request for proper allegations of citizenship as to Wal-Mart Louisiana, LLC, Wal-Mart provided the following information:

> Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, named WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas.

*See*, Wal-Mart's response, R. Doc. 8, pp. 1-2.  As discussed in the Court's previous ruling, a limited liability company is considered a citizen of every state of which its owners/members are citizens.  Since none of Wal-Mart Louisiana, LLC's owners/members are citizens of the State of Louisiana, Wal-Mart Louisiana, LLC is not considered a citizen of this state for purposes of diversity jurisdiction.  Thus, because plaintiffs are alleged to be

5

citizens of the State of Louisiana and neither Wal-Mart Stores, Inc. nor Wal-Mart Louisiana, LLC, are citizens of this state, complete diversity of citizenship exists between the opposing parties to this suit, and that element of diversity jurisdiction is therefore satisfied.[4]

In its response, Wal-Mart also explains that, at the time it filed its notice of removal, it had not yet received a copy of Mrs. Barnett's transcribed deposition testimony and therefore could not submit same to the undersigned for review. In response to the December 16, 2008 Ruling & Order, Wal-Mart has now provided the Court with a copy of the condensed transcript from that deposition and makes specific reference to pages 55 through 60 of that transcript, wherein Mrs. Barnett describes her medical condition and future recommended treatment. In that portion of her testimony, Mrs. Barnett indicates that MRI scans have been performed on her right knee and right shoulder/neck (cervical area). *See*, R. Doc. 8-2, p. 56. The MRI of her knee revealed a "flattened meniscus . . . a crater crack through [her knee] cartilage, which means it's split in half and it's falling to the side and the bones are rubbing together." She testified that this condition causes her to fall down without any warning. *Id.* According to Mrs. Barnett's testimony, based upon the MRI of her right cervical area, her treating physician suggested that the "bone that goes into [her] chest plate all the way to [her] shoulder . . . needs to be removed, sawed down on both ends and replaced back into [her] body." *Id.*, p. 56-57. She testified that her physician also diagnosed her with a "busted . . . bursa sac" in her shoulder as well as a torn tendon from the back of her neck all the way down to the elbow. Mrs. Barnett has also been

---

[4] Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) is between citizens of different states, and (2) exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332.

diagnosed with three herniated and two bulging discs on the right side of her neck, which resulted from "severe shock" or "severe injury" and not from any normal process. *Id.*, p. 57. She testified that her treating physician told her he could not do anything else to "fix" her medical conditions and that she needed surgery and therefore referred her to a surgeon in April 2008. *Id.*

Mrs. Barnett also indicated that her medical conditions are causing her to not be able to sleep and that they have limited her mobility and restricted her abilities relative to her occupation of "cut[ting] hair," in that her arm goes completely numb and becomes "useless," causing her to drop the "clippers." She also testified that her leg becomes so "full of fluid" that she has to go sit down at the shop where she works and elevate her leg to try and reduce the fluid. *Id.*, at p. 59-60.

Considering Mrs. Barnett's testimony regarding the severity of her medical conditions, that surgery has been recommended for such conditions, and that the conditions continue to significantly impact her sleep and occupational endeavors in combination with the various other damages alleged by the plaintiffs in the petition (including loss of earnings and earning capacity and loss of consortium), the undersigned finds that the minimum amount in controversy of $75,000.00, exclusive of interest and costs, is satisfied in this case. A brief quantum study of decisions relating to Louisiana plaintiffs who have undergone cervical surgery alone reveals damage awards of $90,000.00 to $375,000.00. *See, Boyd v. K Mart Corporation*, 1998 WL 151432 (E.D.La. 1998)("With a diagnosis of ruptured cervical disc in the spine and the recommendation that plaintiff undergo cervical surgery, with rehabilitation, involving at least a two day hospital stay, it may be reasonably assumed that the amount in controversy, which includes such

7

items as medical bills, including hospital and physicians' charges, and general damages, exceeds $75,000.00").[5] Furthermore, based upon Mrs. Barnett's testimony, it appears that surgery could also be required on her knee, which would further increase plaintiffs' damage

---

[5] *See also, Guillory v. Lee*, 2008-661 (La. App. 3 Cir. 12/10/08), 2008 WL 5159026 ("Our research in this circuit and other circuits indicates that the lowest amount of general damages reasonably within the jury's discretion [for cervical surgery] is $150,000.00"); *Venissat v. St. Paul Fire & Marine Ins. Co.*, 2006-987 (La. App. 3 Cir. 8/15/07), 968 So.2d 1063 (La. App. 3 Cir. 8/15/07)(Plaintiff suffered from a degenerating cervical spine and only achieved relief of his pain after a three-level cervical discectomy and fusion approximately two years after the accident, and the pain affected his sleep, disposition and overall quality of life; he was awarded past medical expenses of $75,000.00, past lost wages of $32,000.00, pain and suffering of $60,000.00, $5,000.00 for loss of enjoyment of life, and $10,000.00 for mental anguish, making the total general damage award exceed $75,000.00); *Brown v. Richard*, 2000 WL 1653835 (E.D.La. 2000)(Court agreed that defendants' notice of removal was timely because the amount in controversy was not ascertainable until receipt of the plaintiffs' answers to interrogatories and medical records indicating that a doctor recommended that the plaintiff should have back surgery; the court found such evidence sufficient to preclude remand); *Littleton v. Wal-Mart Stores, Inc.*, 99-390 (La. App. 3 Cir. 12/1/99), 747 So.2d 701, *writ denied*, 00-804 (La. 5/5/00), 761 So.2d 546 ($150,000.00 awarded; ruptured disc at C5-6, disc removal, and fusion resulting from plaintiff moving out of the way to avoid a falling box); *Thibodeaux v. Wal-Mart Stores, Inc.*, 98-556 (La. App. 1 Cir. 4/1/99), 729 So.2d 769, *writ denied*, 99-1244 (La. 6/18/99), 745 So.2d 28 ($150,000.00 awarded; bicycle fell on plaintiff's neck resulting in three level cervical fusion); *Fox v. Texaco, Inc.*, 1997-2126 (La. App. 1 Cir. 11/6/98), 722 So.2d 1064 (citing various cases)("Our independent review of comparable cases involving cervical fusions, particularly within the first circuit court of appeal, reveals a monetary range from $85,000.00 to $300,000.00); *Babineaux v. Lykes Bros. Steamship Co., Inc.*, 608 So.2d 659 (La. App. 3 Cir. 1992), *writ denied*, 610 So.2d 819 (La. 1993)($175,000.00 awarded; surgery for two herniated discs); *McLemore v. Fox*, 565 So.2d 1031 (La. App. 3 Cir.), *writs denied*, 569 So.2d 966 and 569 So.2d 968 (La. 1990)($300,000.00 awarded for auto accident resulting in multiple cervical surgeries and social security disability); *Desselle v. LaFleur*, 03-562 (La. App. 3 Cir. 2/4/04), 865 So.2d 954 (modest impact and property damage not determinative; $350,000.00 affirmed for objective findings of cervical injuries; recommended *future* anterior cervical discectomy/fusion at the C5-6, C6-7 levels; over a year of pain since accident; future pain from surgeries); *Jenkins v. Sonat Offshore U.S.A., Inc.*, 96-2504 (La. App. 1 Cir. 12/29/97), 705 So.2d 1184 ($200,000.00 awarded for physical pain and suffering, and $50,000.00 for mental anguish and loss of enjoyment of life; cervical discectomy and anterior cervical fusion after fall from stack of casing to rig deck); *Melton v. General Electric Co., Inc.*, 579 So.2d 448 (La. 1991); *Fontana v. La. Sheriff's Auto. Risk*, 697 So.2d 1030 (La. App. 1st Cir. 1997).

award. Accordingly, since the requisite elements of diversity jurisdiction have been demonstrated by Wal-Mart by a preponderance of the evidence, remand is not warranted unless the plaintiffs have established to a legal certainty that they cannot recover the jurisdictional minimum, either by: (1) showing state procedural rules binding them to their pleadings;[6] or (2) filing a binding stipulation or affidavit to that effect with the complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995). Since plaintiffs have demonstrated neither of the above, their motion to remand should be denied.[7]

### **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 2) and the Motion for Oral Argument (R. Doc. 3) filed by plaintiffs, Gaynell Barnett and Wayne Barnett, Jr., individually and on behalf of their minor child, Elijah Barnett, should be **DENIED** and that this matter should continue to proceed in this Court.

Signed in chambers in Baton Rouge, Louisiana, January 15, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[6] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

[7] Because the undersigned is able to issue a report and recommendation concerning plaintiffs' remand motion based upon the written briefs of the parties, plaintiffs' motion for oral argument relative to that motion should be denied.